**FILED**
**DECEMBER 28, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 7282**

| | |
|---|---|
| MEIRAV KESHER HADADI, LTD.,  )  )  Plaintiff,  )  )  v.  )  )  ZIPCAR INC., MOBILITY INC.,  )  d/b/a FLEXCAR and I-GO  )  )  Defendants.  ) | Case No.  JURY TRIAL DEMANDED  **JUDGE DARRAH**  **MAGISTRATE JUDGE DENLOW** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Meirav Kesher Hadadi ("Meirav") complains of defendants Zipcar Inc., Mobility Inc., d/b/a Flexcar and I-Go (collectively "defendants") as follows:

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the claim made under 28 U.S.C. § 1338(a).

## PARTIES

2. Meirav is an Israeli corporation with a place of business at Livne 24 Alfei Menashe, Israel. Meirav owns all rights, title and interest in and has standing to sue for infringement of United States Patent No. 5,289,369 entitled "Car Rent System" issued on February 22, 1994 ("the '369 patent," Exhibit A) (the "patent in suit").

3. Mr. Israel Hirshberg is President and CEO of Meirav. Mr. Hirshberg is an individual residing in Petach Tikva, Israel, and he is the sole inventor of the '369 patent.

4. Zipcar, Inc. ("Zipcar") is a Delaware corporation having its principal place of business at 675 Massachusetts Avenue, Cambridge, Massachusetts 02139.

5. Mobility Inc. d/b/a Flexcar ("Flexcar") is a Delaware corporation having its principal place of business at 307 3rd Avenue, Seattle, Washington 98104.

6. I-Go is a not-for-profit corporation having its principal place of business at 2125 West North Avenue, Chicago, Illinois 60647, and is a business affiliate of defendant Flexcar.

7. On or about October 31, 2007, Flexcar and Zipcar, Inc. announced a merger.

## VENUE AND PERSONAL JURISDICTION

8. Venue is proper in this judicial district under 28 U.S.C. § 1400(b). Zipcar, Flexcar and I-Go transact business in this district, at least by offering to sell or selling infringing car sharing services on the Internet (websites: www.igocars.org; www.flexcar.com; and www.Zipcar.com) and by telephone and by advertising such a way as to reach customers in Illinois.

9. Venue is also proper for I-Go in this judicial district under 28 U.S.C. §1391(c) which resides in Chicago, Illinois, located in this judicial district.

10. Zipcar and I-Go have made their services available at several locations in Chicago, Illinois, and throughout the United States, and have sold services to customers in this judicial district.

11. On information and belief, Flexcar has provided information and services to I-Go to specifically enable I-Go to transact business in this judicial district. Additionally, Flexcar offers such services throughout the United States.

12.     I-Go has its headquarters in this judicial district and has transacted business in this district.  For example, I-Go has an office located at 2125 W. North Avenue, Chicago, IL 60647.

13.     Zipcar has offices in this judicial district and has transacted business in this district.  For example, Zipcar has an office located at 160 N. Wabash Avenue, Chicago, Illinois 60601

## PATENT INFRINGEMENT

14.     Each defendant has infringed at least one claim of the '369 patent through the sale and/or offer for sale of their car-sharing service.

15.     Each defendant through its actions, has contributed to, or induced the infringement of the '369 patent in violation of 35 U.S.C.§271.

16.     Each defendant's infringement, contributory infringement and/or inducement to infringe has injured Meirav and Meirav is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

17.     Defendants Flexcar and Zipcar have been aware of the '369 patent in suit and have, nonetheless, infringed the asserted claims of the '369 patent with knowledge of the patent's scope and application to their car sharing service.  As a consequence, defendants Flexcar and Zipcar's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Meirav, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further infringement.

18.     WHEREFORE, plaintiff, Meirav, asks this Court to enter judgment against Zipcar Inc., Flexcar and I-Go, and against its subsidiaries, successors, parents, affiliates,

agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

1. An award of damages adequate to compensate Meirav for the infringement that has occurred, together with prejudgment interest from the date infringement of the patents in suit began;

2. Increased damages as permitted under 35 U.S.C. § 284;

3. A finding that this case is exceptional and an award to Meirav of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

4. A permanent injunction prohibiting further infringement of the patents in suit; and,

5. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Meirav demands a trial by jury on all issues presented in this Complaint.

DATED:  December 28, 2007

        FOR MEIRAV KESHER HADADI, LTD

        _/s/ Paul K. Vickrey_____
        Paul K. Vickrey
        Email: vickrey@nshn.com
        Sally J. Wiggins
        Email: wiggins@nshn.com
        NIRO, SCAVONE, HALLER & NIRO
        181 West Madison, Suite 4600
        Chicago, Illinois 60602-4515
        Phone: (312) 236-0733
        Facsimile: (312) 236-3137