IN THE UNITED STATES DISTRICT COURT'
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MEIRAV KESHER HADADI, LTD.,**<br><br>*Plaintiff/Counterclaim-Defendant,*<br><br>v.<br><br>**ZIPCAR INC., MOBILITY INC. d/b/a FLEXCAR and I-GO,**<br><br>*Defendants/Counterclaim-Plaintiffs.* | Case No. 07C7282<br><br>The Honorable John W. Darrah, Judge Presiding<br><br>The Honorable Morton Denlow, Magistrate Judge<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' ANSWER, COUNTERCLAIMS, AND JURY DEMAND

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Zipcar Inc. (which has acquired Mobility, Inc. d/b/a Flexcar) (collectively, "Zipcar") and I-Go Alternative Transportation for Chicagoland, Inc. ("I-GO") d/b/a I-GO (collectively, the "Defendants") answer the allegations of Meirav Kesher Hadadi, Ltd.'s ("Meirav") Complaint (the "Complaint") and assert counterclaims as follows:

1.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the claim made under 28 U.S.C. § 1338(a).

**ANSWER:** Defendants admit that this action purports to be an action for patent infringement and that this Court has subject matter jurisdiction over this action. No answer is required to the allegations contained in paragraph 1 of the Complaint, which merely purport to state conclusions of law. To the extent a response is required, Defendants deny each and every remaining allegation contained in Paragraph 1 of the Complaint.

### PARTIES

2.   Meirav is an Israeli corporation with a place of business at Livne 24 Alfei Menashe, Israel. Meirav owns all rights, title and interest in and has standing to sue for infringement of United States Patent No. 5,289,369 entitled "Car Rent System" issued on February 22, 1994 ("the '369 patent," Exhibit A) (the "patent in suit").

**ANSWER:** Defendants admit that U.S. Patent No. 5,289,369 entitled "Car Rent System" (the "'369 patent") is attached to the Complaint as Exhibit A, and that the face of the '369 patent indicates that it was issued on February 22, 1994 and lists Israel Hirshberg as the inventor. Defendants lack sufficient knowledge and information to admit or deny the remaining allegations of paragraph 2 of the Complaint and therefore deny the remaining allegations of paragraph 2 of the Complaint.

3.     Mr. Israel Hirshberg is President and CEO of Meirav. Mr. Hirshberg is an individual residing in Petach Tikva, Israel, and he is the sole inventor of the '369 patent.

**ANSWER:** Defendants lack sufficient knowledge and information to admit or deny the allegations of paragraph 3 of the Complaint and therefore deny the allegations of paragraph 3 of the Complaint.

4.     Zipcar, Inc. ("Zipcar") is a Delaware corporation having its principal place of business at 675 Massachusetts Avenue, Cambridge, Massachusetts 02139.

**ANSWER:** Zipcar admits that it is a Delaware corporation but denies the remaining allegations of paragraph 4 of the Complaint. I-GO lacks sufficient knowledge and information to admit or deny the allegations of paragraph 4 of the Complaint and therefore denies the allegations of paragraph 4 of the Complaint.

5.     Mobility Inc. d/b/a Flexcar ("Flexcar") is a Delaware corporation having its principal place of business at 307 3rd Avenue, Seattle, Washington 98104.

**ANSWER:** Zipcar denies the allegations contained in paragraph 5 of the Complaint. I-GO lacks sufficient knowledge and information to admit or deny the allegations of paragraph 5 of the Complaint and therefore denies the allegations of paragraph 5 of the Complaint.

6.     I-Go is a not-for-profit corporation having its principal place of business at 2125 West North Avenue, Chicago, Illinois 60647, and is a business affiliate of defendant Flexcar.

**ANSWER:** I-GO admits that it is a not-for-profit corporation, having its principal place of business at 2125 West North Avenue, Chicago, Illinois 60647, and that it has entered

into an agreement with Flexcar (now part of Zipcar) for Flexcar to provide certain car sharing services to I-GO, but denies the remaining allegations of paragraph 6 of the Complaint. Zipcar lacks sufficient knowledge and information to admit or deny the allegations of paragraph 6 of the Complaint and therefore denies the allegations of paragraph 6 of the Complaint.

      7.      On or about October 31, 2007, Flexcar and Zipcar, Inc. announced a merger.

      **ANSWER:**    Zipcar admits the allegations contained in paragraph 7 of the Complaint. I-GO lacks sufficient knowledge and information to admit or deny the allegations of paragraph 7 of the Complaint and therefore denies the allegations of paragraph 7 of the Complaint.

### VENUE AND PERSONAL JURISDICTION

      8.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b). Zipcar, Flexcar and I-Go transact business in this district, at least by offering to sell or selling infringing car sharing services on the Internet (websites: www.igocars.org; www.flexcar.com; and www.Zipcar.com) and by telephone and by advertising such a way as to reach customers in Illinois.

      **ANSWER:**    I-GO admits that it operates the website www.igocars.org and that it advertises in Illinois. Zipcar admits that it operates the websites www.flexcar.com and www.zipcar.com, and that it advertises in Illinois. No answer is required to the remaining allegations contained in paragraph 8 of the Complaint, which merely purport to state conclusions of law. To the extent an answer is required, however, Defendants deny any such remaining allegations.

      9.      Venue is also proper for I-Go in this judicial district under 28 U.S.C. § 1391(c) which resides in Chicago, Illinois, located in this judicial district.

      **ANSWER:**    Zipcar lacks sufficient knowledge and information to admit or deny the allegations of paragraph 8 of the Complaint and therefore denies the allegations of paragraph 8 of the Complaint. I-GO admits that its principal place of business is located at 2125 West North Avenue, Chicago, Illinois 60647. No answer is required to the remaining allegations contained

in paragraph 9 of the Complaint, which merely purport to state conclusions of law. To the extent an answer is required, however, Defendants deny any such remaining allegations.

10. Zipcar and I-Go have made their services available at several locations in Chicago, Illinois, and throughout the United States, and have sold services to customers in this judicial district.

**ANSWER:** Zipcar admits that it has made its "services available at several locations in Chicago, Illinois, and throughout the United States, and has sold services to customers in this judicial district," but lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 10 of the Complaint and therefore denies the remaining allegations of paragraph 10 of the Complaint. I-GO admits that it has made its "services available at several locations in Chicago, Illinois" and that it "has sold services to customers in this judicial district," but denies that it has made its services available throughout the United States. I-GO lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 10 of the Complaint and therefore denies the remaining allegations of paragraph 10 of the Complaint.

11. On information and belief, Flexcar has provided information and services to I-Go to specifically enable I-Go to transact business in this judicial district. Additionally, Flexcar offers such services throughout the United States.

**ANSWER:** Zipcar states that, upon information and belief, Flexcar has "provided information and services to I-GO" and that, upon information and belief, I-GO transacted business in "this judicial district." Zipcar denies that Flexcar "offers such services throughout the United States." Zipcar lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 11 of the Complaint and therefore denies the remaining allegations of paragraph 11 of the Complaint. I-GO admits that it "transact[ed] business in this judicial district" and that it received "information and services" from Flexcar. I-GO lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 11

of the Complaint and therefore denies the remaining allegations of paragraph 11 of the Complaint.

12. I-Go has its headquarters in this judicial district and has transacted business in this district. For example, I-Go has an office located at 2125 W. North Avenue, Chicago, IL 60647.

**ANSWER:** Zipcar lacks sufficient knowledge and information to admit or deny the allegations of paragraph 12 of the Complaint and therefore denies the allegations of paragraph 12 of the Complaint. I-GO admits the allegations of paragraph 12 of the Complaint.

13. Zipcar has offices in this judicial district and has transacted business in this district. For example, Zipcar has an office located at 160 N. Wabash Avenue, Chicago, Illinois 60601.

**ANSWER:** Zipcar admits the allegations of paragraph 13 of the Complaint. I-GO lacks sufficient knowledge and information to admit or deny the allegations of paragraph 13 of the Complaint and therefore denies the allegations of paragraph 13 of the Complaint.

## PATENT INFRINGEMENT

14. Each defendant has infringed at least one claim of the '369 patent through the sale and/or offer for sale of their car-sharing service.

**ANSWER:** Zipcar denies the allegations of paragraph 14 of the Complaint that relate to Zipcar, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and therefore denies the remaining allegations of paragraph 14 of the Complaint. I-GO denies the allegations of paragraph 14 as such allegations relate to I-GO, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and therefore denies the remaining allegations of paragraph 14 of the Complaint.

15. Each defendant through its actions, has contributed to, or induced the infringement of the '369 patent in violation of 35 U.S.C. § 271.

**ANSWER:** Zipcar denies the allegations of paragraph 15 of the Complaint that relate to Zipcar, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and therefore denies the remaining allegations of paragraph 15 of the Complaint. I-GO denies the allegations of paragraph 15 of the Complaint that relate to I-GO, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and therefore denies the remaining allegations of paragraph 15 of the Complaint.

16.     Each defendant's infringement, contributory infringement and/or inducement to infringe has injured Meirav and Meirav is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Zipcar denies the allegations of paragraph 16 of the Complaint that relate to Zipcar, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and therefore denies the remaining allegations of paragraph 16 of the Complaint. I-GO denies the allegations of paragraph 16 of the Complaint that relate to I-GO, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and therefore denies the remaining allegations of paragraph 16 of the Complaint.

17.     Defendants Flexcar and Zipcar have been aware of the '369 patent in suit and have, nonetheless, infringed the asserted claims of the '369 patent with knowledge of the patent's scope and application to their car sharing service. As a consequence, defendants Flexcar and Zipcar's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Meirav, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further infringement.

**ANSWER:** Zipcar denies the allegations of paragraph 17 of the Complaint that relate to Zipcar, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and therefore denies the remaining allegations of paragraph 17 of the Complaint. I-GO denies the allegations of paragraph 17 of the Complaint

that relate to I-GO, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and therefore denies the remaining allegations of paragraph 17 of the Complaint.

18.     WHEREFORE, plaintiff, Meirav, asks this Court to enter judgment against Zipcar Inc., Flexcar and I-Go, and against its subsidiaries, successors, parents, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

1. An award of damages adequate to compensate Meirav for the infringement that has occurred, together with prejudgment interest from the date infringement of the patents in suit began;

2. Increased damages as permitted under 35 U.S.C. § 284;

3. A finding that this case is exceptional and an award to Meirav of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

4. A permanent injunction prohibiting further infringement of the patents in suit; and

5. Such other and further relief as this Court or a jury may deem proper and just.

**ANSWER:** To the extent necessary, Defendants deny the allegations of paragraph 18 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Meirav is not entitled to any relief against any of the Defendants because none of the Defendants have directly or indirectly infringed, nor contributed to or induced infringement of, any claim of the '369 patent.

### SECOND AFFIRMATIVE DEFENSE

One or more of the claims of the '369 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title

35 of the United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

The '369 patent is unenforceable against the Defendants because of waiver, estoppel, laches, unclean hands, or other applicable equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

Meirav is not entitled to injunctive relief because any injury to Meirav is not immediate or irreparable, and Meirav has adequate remedy at law.

### FIFTH AFFIRMATIVE DEFENSE

Meirav is prohibited from recovering damages for activities alleged to have occurred before Meirav gave Zipcar and/or I-GO actual notice of infringement.

### JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), the Defendants hereby demand a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, the Defendants request the Court to enter a judgment in their favor and against Meirav as follows:

    a.    Dismiss the Complaint in its entirety, with prejudice;

    b.    Enter judgment in favor of the Defendants and against Meirav;

    c.    Find that the Defendants have not infringed, and are not infringing, the '369 patent;

    d.    Find that one or more of the claims of the '369 patent are invalid, void, and/or unenforceable against Zipcar and I-GO;

e.   Award the Defendants their costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

f.   Grant such further relief as is just and proper.

## COUNTERCLAIMS

This is an action brought by Zipcar, Inc. ("Zipcar") and I-Go Alternative Transportation for Chicagoland, Inc. ("I-GO")  d/b/a I-GO (collectively, the "Counterclaim-Plaintiffs") for a declaratory judgment that none of the Counterclaim-Plaintiffs infringe U.S. Patent No. 5,289,369 entitled "Car Rent System" issued on February 22, 1994 (the "'369 patent"), which is purportedly owned by the Counterclaim-Defendant, Meirav Kesher Hadadi, Ltd. ("Meirav"), and that such patent is invalid and unenforceable.

## PARTIES

1.   Zipcar is a Delaware corporation having its principal place of business at 25 First Street, Cambridge, Massachusetts 02141.

2.   I-GO is an Illinois not-for-profit corporation having its principal place of business at 2125 West North Avenue, Chicago, Illinois 60647.

3.   Upon information and belief, Meirav is an Israeli corporation with a principal place of business at Livne, 24 Alfei Menashe, Israel.

## JURISDICTION AND VENUE

4.   These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.   This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**BACKGROUND**

7. Zipcar is the world's leading car sharing provider, with more than 150,000 members and 4,500 vehicles in major metropolitan areas and on college campuses in more than 35 cities, including Boston, New York, Chicago, San Francisco, Washington, DC, Seattle, Portland, Atlanta, Pittsburgh, Philadelphia, Vancouver, Toronto, and London, England. As a leading urban lifestyle brand, Zipcar provides a convenient and cost effective transportation alternative for individuals, businesses, and universities throughout the United Kingdom and more than 20 North American states and provinces.

8. I-GO is a Chicago-based not-for-profit car sharing organization that is committed to economical and environmentally sound transportation choices and strives to reduce car ownership rates, lower family transportation costs, reduce urban congestion, and improve air quality in all neighborhoods. I-GO was initially launched in 2002 as a pilot project with support from the City of Chicago and the U.S. Department of Transportation. I-GO has entered into an agreement with Flexcar (now part of Zipcar) for Flexcar to provide certain car sharing services to I-GO.

9. Upon information and belief, Meirav is the owner of all right, title, and interest in the '369 patent, a copy of which is attached to the Complaint as Exhibit A, and Israel Hirshberg, the alleged sole inventor of the '369 patent, is the President and Chief Executive Officer of Meirav.

10. Over the past few years, Mr. Hirshberg has sent Zipcar letters asking whether Zipcar would be interested in taking a license to the '369 patent and in which he made both veiled and explicit threats to bring a claim of patent infringement against Zipcar if it failed to do so.

11. Zipcar responded to all of Mr. Hirshberg's communications and repeatedly explained why it does not infringe (and has not infringed) the '369 patent. Mr. Hirshberg never told Zipcar that he disagreed with its assessment. To the contrary, in February 2004, in response to one of Zipcar's letters explaining why it did not infringe the '369 patent, Mr. Hirshberg stated that "[b]ased on your words, Zipcar does not need a license from me [for the '369 patent] for its operation."

12. On or about December 28, 2007, Meirav filed a complaint against Zipcar (and I-GO) alleging infringement of the '369 patent. The Counterclaim-Plaintiffs have denied each and every one of these allegations and have asserted that the '369 patent is invalid and unenforceable.

13. Meirav and Mr. Hirshberg's actions give rise to a case of actual controversy within the jurisdiction of the Court, pursuant to 28 U.S.C. §§ 2201 and 2202.

## COUNT ONE

14. The Counterclaim-Plaintiffs repeat and reallege each allegation in paragraphs 1 through 13 as if set forth here in full.

15. No past or present product, service, or offering by the Counterclaim-Plaintiffs directly or indirectly infringe, or have infringed, any claim of the '369 patent.

## COUNT TWO

16. The Counterclaim-Plaintiffs repeat and reallege each allegation in paragraphs 1 through 15 as if set forth here in full.

17. One or more of the claims of the '369 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103, and/or 112.

## COUNT THREE

18.     The Counterclaim-Plaintiffs repeat and reallege each allegation in paragraphs 1 through 17 as if set forth here in full.

19.     One or more of the claims of the '369 patent are unenforceable because of waiver, estoppel, laches, unclean hands, or other applicable equitable doctrines.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), the Counterclaim-Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Counterclaim-Plaintiffs request the Court to enter a judgment in their favor and against Meirav as follows:

(a)     Declare that the Counterclaim-Plaintiffs have not directly or indirectly infringed, and are not infringing, any claim of the '369 patent;

(b)     Declare that one or more of the claims of the '369 patent are invalid, void, and/or unenforceable against the Counterclaim-Plaintiffs;

(c)     Award the Counterclaim-Plaintiffs their costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

(d)     Grant such further relief as is just and proper.

                    ZIPCAR INC., MOBILITY, INC. d/b/a FLEXCAR, and I-GO, Defendants/Counterclaim-Plaintiffs

        By:   /s/ Jennifer Yule DePriest
            Marshall Seeder (Bar No. 03127674)
            Jennifer Yule DePriest (Bar No. 6272137)
            Reed Smith LLP
            10 South Wacker Drive
            Suite 4000
            Chicago, IL 60606
            Telephone: (312) 207-1000
            Facsimile: (312) 207-6400
            jdepriest@reedsmith.com

            Wayne L. Stoner (admitted *pro hac vice*)
            (wayne.stoner@wilmerhale.com)
            Benjamin M. Stern (admitted *pro hac vice*)
            (benjamin.stern@wilmerhale.com)
            WILMER CUTLER PICKERING HALE AND DORR LLP
            60 State Street
            Boston, MA 02109
            Telephone: (617) 526-6000
            Facsimile: (612) 526-5000

Dated: February 29, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, a copy of the foregoing **Defendants' Answer, Counterclaims, and Jury Demand** was filed. Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

> Paul K. Vickrey
> vickrey@nshn.com
> Sally J. Wiggins
> wiggins@nshn.com
> NIRO, SCAVONE, HALLE R & NIRO
> 181 West Madison, Suite 4600
> Chicago, IL 60602
> (312) 236-0733
> (312) 236-3137 (fax)

> *s/ Jennifer Yule DePriest*
> Jennifer Yule DePriest