IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEIRAV KESHER HADADI, LTD. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  07 C 7282 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| ZIPCAR INC., MOBILITY INC., ) | Honorable Judge Darrah |
| d/b/a FLEXCAR and I-GO ) | Mag. Judge Denlow |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff, Meirav Kesher Hadadi, Ltd. ("Meirav"") for its answer to the Counterclaims of Defendants, Zipcar Inc. (which has acquired Mobility, Inc. d/b/a Flexcar) (collectively, "Zipcar") and   I-Go Alternative Transportation for Chicagoland, Inc. ("I-Go") states as follows:

**PARTIES**

1. Zipcar is a Delaware corporation having its principal place of business at 25 First Street, Cambridge, Massachusetts 02141.

**RESPONSE:**

Admitted.

2. I-Go is an Illinois not-for-profit corporation having its principal place of business at 2125 West North Avenue, Chicago, Illinois  60647.

**RESPONSE:**

Admitted.

3. Upon information and belief, Meirav is an Israeli corporation with its principal place of business at Livne, 24 Alfei Menashe, Israel.

1

**RESPONSE:**

    Admitted.

    4.    These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**RESPONSE:**

    Admitted.

    5.    This court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:**

    Admitted that Meirav has subjected themselves to the jurisdiction of this Court for purposes of counterclaims against them by Zipcar and I-Go and that the Court has subject matter jurisdiction over such counterclaims. Otherwise denied.

    6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**RESPONSE:**

    Admitted.

## BACKGROUND

    7.    Zipcar is the world's leading car sharing provider, with more than 150,000 members and 4,500 vehicles in major metropolitan areas and on college campuses in more than 35 cities, including Boston, New York, Chicago, San Francisco, Washington, DC, Seattle, Portland, Atlanta, Pittsburgh, Philadelphia, Vancouver, Toronto, and London, England. As a leading urban lifestyle brand, Zipcar provides a convenient and cost effective transportation alternative for individuals, businesses, and universities throughout the United Kingdom and more than 20 North American states and provinces.

**RESPONSE:**

Plaintiff lacks sufficient information to either admit or deny the allegations contained in paragraph 7.

8. I-Go is a Chicago-based not-for-profit car sharing organization that is committed to economical and environmentally sound transportation choices and strives to reduce car ownership rates, lower family transportation costs, reduce urban congestion, and improve air quality in all neighborhoods. I-Go was initially launched in 2002 as a pilot project with support form the City of Chicago and the U.S. Department of Transportation. I-Go has entered into an agreement with Flexcar (now part of Zipcar) for Flexcar to provide certain car sharing services to I-Go.

**RESPONSE:**

Plaintiff lacks sufficient information to either admit or deny the allegations contained in paragraph 7.

9. Upon information and belief, Meirav is the owner of all right, title, and interest in the '369 patent, a copy of which is attached to the Complaint as Exhibit A, and Israel Hirshberg, the alleged sole inventor of the '369 patent, is the President and Chief executive Officer of Meirav.

**RESPONSE:**

Admitted that Meirav is the owner of all rights, title and interest in the '369 patent and Israel Hirshberg is listed as the inventor of the '369 patent and is the President and CEO of Meirav. Otherwise denied.

10. Over the past few years, Mr. Hirshberg has sent Zipcar letters asking whether Zipcar would be interested in taking a license to the '369 patent and in which he made both veiled and explicit threats to bring a claim of patent infringement against Zipcar if it failed to do so.

**RESPONSE:**

Admitted that Mr. Hirshberg has sent Zipcar letters referencing the '369 patent. Admitted that Mr. Hirshberg reference possible legal action in his communications. Denied that references to possible legal action constitute "veiled and explicit threats" and denied as to Zipcar's characterization of the

communication.

11. Zipcar responded to all of Mr. Hirshberg's communications and repeatedly explained why it does not infringe (and has not infringed) the '369 patent. Mr. Hirshberg never told Zipcar that he disagreed with its assessment. To the contrary, in February 2004, in response to one of Zipcar's letters explaining why it did not infringe the '369 patent, Mr. Hirshberg stated that "[b]ased on your words, Zipcar does not need a license from me [for the patent] for its operation."

**RESPONSE:**

Denied that Zipcar responded to all of Mr. Hirshberg's communications. Admitted that Zipcar communicated a non-infringement position. Denied as to Zipcar's characterization of the communications.

12. On or about December 28, 2007, Meirav filed a complaint against Zipcar (and I-Go) alleging infringement of the '369 patent. The Counterclaim-Plaintiffs have denied each and every one of these allegations and have asserted that the '369 patent is invalid and unenforceable.

**RESPONSE:**

Admitted that on or about December 28, 2007, Meirav filed a complaint against Zipcar (and I-Go) alleging infringement of the '369 patent. Plaintiff lacks sufficient information to either admit or deny the allegations contained in the second sentence and therefore denies.

13. Meirav and Mr. Hirshberg's actions give rise to a case of actual controversy within the jurisdiction of the Court, pursuant to 28 U.S.C. §§ 2201 and 2202.

**RESPONSE:**

Plaintiff admits the Court has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202. Otherwise denied.

**COUNT ONE**

4

14. The Counterclaim-Plaintiffs repeat and reallege each allegation in paragraphs 1 through 13 as if set forth here in full.

**RESPONSE:**

Plaintiff repeats and realleges each response in paragraphs 1 through 13 as if set forth here in full.

15. No past or present product, service, or offering by the Counterclaim-Plaintiffs directly or indirectly infringe, or have infringed, any claim of the '369 patent.

**RESPONSE:**

Denied.

## COUNT TWO

16. The Counterclaim-Plaintiffs repeat and reallege each allegation in paragraphs 1 through 15 as if set forth here in full.

**RESPONSE:**

Plaintiff repeats and realleges each response in paragraphs 1 through 15 as if set forth here in full.

17. One or more of the clams of the '369 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code § 101 *et seq.*, including, without limitation §§ 102, 103, and/or 112.

**RESPONSE:**

Denied.

## COUNT THREE

18. The Counterclaim-Plaintiffs repeat and reallege each allegation in paragraphs 1 through 17 as if set forth here in full.

**RESPONSE:**

5

Plaintiff repeats and realleges each response in paragraphs 1 through 17 as if set forth here in full.

19.     One or more of the claims of the '369 patent are unenforceable because of waiver, estoppel, laches, unclean hands, or other applicable equitable doctrines.

**RESPONSE:**

Denied.

FOR MEIRAV KESHER HADADI, LTD

 /s/ Sally Wiggins
Paul K. Vickrey
Email: vickrey@nshn.com
Sally J. Wiggins
Email: wiggins@nshn.com
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2008, I filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' COUNTERCLAIMS** with the Clerk of Court using the ECF system which will send notification of such filing to the following:

>Marshall Seeder (Bar No. 03127674)
>Jennifer Yule DePriest (Bar No. 6272137)
>REED SMITH LLP
>10 South Wacker Drive
>Suite 4000
>Chicago, IL 60606
>(312) 207-1000
>(312) 207-6400 (fax)
>jdepriest@reedsmith.com
>
>Wayne L. Stoner
>Benjamin M. Stern
>WILMER CUTLER PICKERING HALE & DORR LLP
>60 State Street
>Boston, Massachusetts 02109
>(617) 526-6863
>
>ATTORNEY FOR DEFENDANT
>ZIPCAR INC., MOBILITY INC. D/B/A FLEXCAR AND I-GO
>
>Jennifer M. Kurcz
>Leif R. Sigmond, Jr.
>McDONNELL BOEHNEN
>   HULBERT & BERGHOFF LLP
>300 S. Wacker Drive, Suite 3200
>Chicago, Illinois 60606
>(312) 913-0001
>kurcz@mbhb.com
>
>Attorneys for Zipcar Inc.,
> Mobility Inc. d/b/a Flexcar and I-Go

_____/s/Sally Wiggins_____
Attorney for Plaintiff,

7