IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEIRAV KESHER HADADI, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07C7282 |
| | ) | |
| v. | ) | The Honorable John W. Darrah |
| | ) | Mag. Judge Denlow |
| ZIPCAR INC., MOBILITY INC., | ) | |
| d/b/a FLEXCAR and I-GO | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## JOINT INITIAL STATUS RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Local Rules of the Court, plaintiff, Meirav Kesher Hadadi, Ltd. ("Meirav") and defendants, Zipcar Inc. ("Zipcar") (which has acquired Mobility, Inc. d/b/a Flexcar) and I-Go Alternative Transportation for Chicagoland, Inc. (collectively, "Defendants"), hereby submit the following Initial Status Report.

**1.    THE NATURE OF THE CASE.**

   **A.    The Attorneys of Record**

   The attorneys of record for the parties in the suit are as shown in the table below.

| For Plaintiff Meirav Kesher Hadadi, Ltd | For Defendants |
|---|---|
| Paul Vickrey<br>Sally Wiggins<br>Niro, Scavone, Haller & Niro<br>181 West Madison Street, Suite 4600<br>Chicago, IL 60602<br>(312) 377-3257 | Marshall Seeder<br>Jennifer Yule DePriest<br>Reed Smith LLP<br>10 South Wacker Drive<br>Suite 4000<br>Chicago, IL 60606<br>(312) 207-1000<br>*Attorneys for all Defendants*<br><br>Wayne L. Stoner<br>Benjamin M. Stern<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000<br>*Attorneys for all Defendants*<br><br>Leif R. Sigmond, Jr.<br>Jennifer Kurcz<br>McDonnell Boehnen Hulbert & Berghoff LLP<br>300 South Wacker Drive, 31st Floor<br>Chicago, IL 60606<br>(312) 913-0001<br>*Attorneys for I-Go* |

### B.     The Basis For Federal Jurisdiction

This is an action alleging patent infringement. This Court has original jurisdiction over this action under 28 U.S.C. §1338(a). Venue in this district is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

### C.     The Nature Of The Claims And Counterclaims

**Meirav's Position**

Meirav owns United States Patent No. 5,289,369 ("the '369 patent"). The '369 patent was filed with the United States Patent and Trademark Office on February 27, 1991 and issued on February 22, 1994. The patent relates to car rental system based on a fleet of specially equipped cars where authorized users access, pick up and drop off cars from random parking spaces. Meirav contends that defendants have infringed at least one claim of the '369 patent by operating a fleet of rental cars that are rented in a manner described in the patent.

**Defendants' Position**

The Defendants deny that they infringe the '369 patent and allege that such patent is invalid and/or unenforceable. The Defendants have also asserted counterclaims for declaratory judgment of invalidity, unenforceability, and non-infringement.

The Defendants' systems do not operate (and have never operated) in the matter required by the claims of the '369 patent.

First, the '369 patent requires that the "car rental system" have a "location identifying means" that informs a "central control station" "about the instant location of said car," and that the "central control station" "continuously updates" data about the "instant location of each car of said car fleet." *See, e.g.,* '369 patent, col. 6, ll. 7-12 ("location identifying means, informing said central control station and said car computer about the instant location of said car" and "a central control station which stores and

- 3 -

updates data about the instant location of each car of said car fleet…"). In other words, the system claimed by the '369 patent constantly monitors the instant location of every car in the car rental fleet. The Defendants' systems have never done this.

Second, the '369 patent also requires that "the customer terminates the rental" by "parking [the] car at any random parking place." *See, e.g.,* '369 patent, col. 6, ll. 18-19; *see also id.* at col. 2, ll. 27-29 ("The subscriber…need not return the car to a fixed address."). The '369 patent criticizes prior art systems that required cars to be returned to specific locations. *See, e.g., id.* at col. 1, ll. 25-32 (discussing prior art and stating "after use this car must be returned to a certain address…One of the drawbacks is the…fixed location return of the rental car."). The '369 patent applicant further disclaimed in prosecution an invention that required users to return cars to fixed locations. *See, e.g.,* Amendment dated January 25, 1993 and Supplemental Amendment dated April 19, 1993 at 4 ("The invention is directed to a system for renting the car in which the customer can leave the car at a random location at the end of the rental period."); *id.* at 5 ("[T]he claims define a system in which a car may be left at any place (within a certain area) for subsequent use by another user.")

The Defendants' systems have never operated in this way. Far from allowing customers to leave cars "at any random parking place," the Defendants' systems all require customers to pick up and return cars to at same exact location – exactly what the '369 patent criticizes in the prior art.

### D. The Major Legal And Factual Issues In The Case

**Meirav's Position**

#### Infringement

Infringement is a two-part analysis. First, the claims of the patent are construed as a matter of law. Second, the properly construed claims then must be applied to the accused product. This is an issue of fact. The principal factual issues include, but are not limited to, issues that pertain to the operation of the rental services and the monitoring, tracking, reservation, and control systems used for the cars.

#### Willfulness

The principal factual issues are the nature and circumstances of defendants' knowledge of the asserted patent, whether defendants acted in good faith in providing and continuing to provide the accused services and whether defendants took any steps to avoid infringement. Willfulness is an issue of fact that requires discovery and evaluation of the totality of defendants' conduct.

#### Damages

If the patent is proven infringed, the principal issue is the amount of damages that is adequate to compensate Meirav for the infringement that has occurred. This, too, is an issue of fact. Meirav will seek discovery from defendants regarding defendants' sales and profit information as well as its efforts to commercialize and market the accused service. Finally, Meirav will also seek discovery from defendants relating to any defenses or counterclaims asserted by defendants.

### Defendants' Position

#### Infringement

None of the Defendants infringe any claim of the '369 patent.  Among other reasons, none of the accused systems continuously track the location of each car and report it to a central computer, as required by the all claims of the '369 patent.  Further, none of the accused systems allow users to return rented cars to "any random parking place."  Rather, like the prior art discussed in the '369 patent and disclaimed by the '369 patent applicant, users of the Defendants' systems must return rental cars to a "fixed location."  Even the alleged inventor of the '369 patent, Israel Hirshberg, admitted, in correspondence with Zipcar, that such differences mean that the Defendants do not infringe the '369 patent.

#### Willfulness

The Defendants' actions do not constitute willful infringement.  Among other reasons, from the time Mr. Hirshberg informed defendant Zipcar about the '369 patent (about four years before commencing this action), Zipcar provided Mr. Hirshberg with detailed explanations as to why it believed it did not infringe such patent.  Mr. Hirshberg never responded to, or contradicted, Zipcar's analysis.  On the contrary, as mentioned above, Mr. Hirshberg told Zipcar that, based on its description of its services, Zipcar did not infringe the '369 patent.

**Damages**

There are legal and factual issues with respect to Meirav's offer for sale of any system embodying the '369 patent, and the sales and profit information as well as its efforts to commercialize and market any such services.

**Invalidity**

The principle legal and factual issues are whether the '369 patent is invalid as obvious and/or anticipated within the meaning of 35 U.S.C. §§ 102-103.  In addition, because several claims of the '369 patent are written in means-plus-function language, there are issues with respect to whether such claims are enabled within the meaning of 35 U.S.C. § 112.

**Laches, Estoppel, Undue Delay, and Other Equitable Defenses**

The principal legal and factual issues are the nature and circumstances of Meirav's knowledge of the accused systems, communications with the Defendants about such systems, marking of any Meirav systems that embody the '369 patent, and Meirav's conduct with respect to the Defendants.  Further, as mentioned above, the plaintiff knew about its alleged claims against Zipcar years ago, never asserted them, and led Zipcar to believe that they would not be asserted.

E.     **The Relief Sought**

**Meirav's Position**

Meirav seeks the grant of a permanent injunction.  Likewise, pursuant to 35 U.S.C. §284, Meirav seeks monetary damages that are "adequate to compensate for

the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."

**Defendants' Position**

The Defendants intend to take discovery on the nature of Meirav's business, whether it offers for sale any embodiment of the '369 patent, whether Meirav marked such embodying systems within the meaning of 35 U.S.C. § 287, and other matters with respect to Meirav's damages claims.  Even if the Defendants are found liable of infringement (something the Defendants do not believe will happen), the Defendants do not believe that a permanent injunction or any damages other than a reasonable royalty would be an appropriate remedy.

**2.    PENDING MOTIONS AND CASE PLAN.**

   **A.    Pending Motions**

The parties recognize the need for a comprehensive protective order.  The parties will negotiate the terms of a protective order, and hope to file a joint motion for a stipulated protective order.

   **B.    Discovery Plan**

**Meirav's Discovery Plan Proposal**

With respect to the issue of infringement, Meirav will need discovery on at least the design, development, marketing, operation and financial information (sales, profits, etc.) regarding the rental car services including, but not limited to, the operation and function of the computerized control system that allows access to the car, monitoring

systems, communication between the car's onboard computer and office computer, car location or positioning devices, and reservation system, etc.

With respect to the issue of willfulness, Meirav will need discovery on defendants' knowledge of and attempts (if any) to avoid infringement.

With respect to the issues of damages, Meirav will need discovery on the revenues, sales, accounting and profits attributable to the accused radio charger.

**Defendants' Discovery Plan Proposal**

The Defendants believe that a short period of limited liability discovery (in a phase prior to general and damages discovery) and an early claim construction will focus this case and assist the parties (and the Court) in assessing it early on. For example, the Defendants believe that an early construction of claim limitations of the '369 patent that relate to the requirements that cars can be returned to "any random parking place" and continuous tracking of such cars, as well as discovery on the capabilities of the Defendants' systems with respect to such claim limitations, may be useful. As a result, and as explained in the Defendants' proposed schedule of events, the Defendants believe that the Court should include claim construction briefing and discovery in its Scheduling Order. With respect to the claim construction hearing, the Defendants do not believe it should include live testimony or allow experts to offer opinions on claim construction.

In addition to this limited period of discovery and claim construction, the Defendants will need discovery on the design, development, marketing, operation and financial information (sales, profits, etc.) regarding the alleged invention of the '369

Case 1:07-cv-07282    Document 31    Filed 03/19/2008    Page 10 of 15

patent and any of Meirav's rental car services that it claims embody the '369 patent, including, but not limited to, the operation and function of the computerized control system that allows access to the car, monitoring systems, communication between the car's onboard computer and office computer, car location or positioning devices, and reservation system. The Defendants will also need to take discovery on Mr. Hirshberg's communications with Zipcar (and other defendants) with respect to the '369 patent, whether Meirav has marked any such embodying system within the meaning of 35 U.S.C. § 287, and any notice that Meirav has given the Defendants prior to its filing the Complaint in this case. With respect to damages, the Defendants will need to take discovery on whether Meirav makes, uses, or sells any embodiment of the '369 patent in the United States (or elsewhere), and the revenue, sales, accounting, and profits with respect to such systems.

**Proposed Discovery Schedule/Milestones**

| **Milestone** | **Meirav's Proposal** | **Defendants' Proposal** |
|---|---|---|
| Rule 26(a)(1) Disclosures | April 17, 2008 | April 17, 2008 |
| Deadline for parties to exchange list of claim limitations in dispute | Plaintiff agrees to May 1, 2008 proposed by Defendants. | May 1, 2008 |
| Deadline for parties to exchange proposed constructions of claim limitations in dispute and identify extrinsic evidence to support such constructions | Plaintiff agrees to June 2, 2008 proposed by Defendants. | June 2, 2008 |

US1DOCS 6591574v2

| | | |
|---|---|---|
| Deadline for parties to file joint claim construction chart listing proposed constructions and identifying any extrinsic evidence parties intend to use with respect to claim construction | Plaintiff agrees to June 30, 2008 proposed by Defendants. | June 30, 2008 |
| Deadline for parties to file opening claim construction briefs | Plaintiff agrees to July 28, 2008 proposed by Defendants. | July 28, 2008 |
| Deadline for parties to file responsive claim construction briefs | Plaintiff agrees to August 25, 2008 proposed by Defendants. | August 25, 2008 |
| Claim construction hearing | Plaintiff agrees to September 2008 proposed by Defendants. | September 2008, or at the Court's convenience |
| Deadline To Amend Pleadings To Join Additional Parties | October 2, 2008 | October 2, 2008 |
| Fact Discovery Completion Date | Plaintiff agrees to December 5, 2008 proposed by Defendants. | December 5, 2008 (all discovery must be initiated to be completed by this date) |
| Deadline For Serving Expert Reports For Any Issue On Which A Party Carries The Burden Of Proof | Plaintiff proposes January 20, 2009 (in light of holidays) | January 7, 2009 |
| Deadline For Serving Rebuttal Expert Reports | Plaintiff proposes February 20, 2009. | February 6, 2009 |
| Deadline For Completing Expert Discovery | Plaintiff proposes March 20, 2009 | March 6, 2009 (all discovery must be initiated to be completed by this date) |
| Deadline For Filing Dispositive Motions (Oppositions to be filed 4 weeks thereafter, replies to be filed 2 weeks thereafter) | Plaintiff agrees to May 15, 2009 proposed by Defendants. | May 15, 2009 |

- 11 -

| Deadline For Filing A Pretrial Order | Plaintiff agrees to August 14, 2009 proposed by Defendants. | August 14, 2009 |
| Trial | Plaintiff agrees to October 2009 proposed by Defendants. | October 2009 or at the Court's convenience |

**Proposed Discovery Limits**

Meirav proposes that the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules should govern, with the exception that each party should be limited to ten non-expert depositions. Where possible, the scheduling and taking of depositions should be coordinated to avoid multiple depositions of single witnesses. The Defendants agree to this limitation.

**C.    Electronic Discovery**

The parties have discussed electronic discovery and information and have agreed to have further discussions on this issue and to work in good faith to resolve any issues that arise. Depending upon the type and scope of discovery requests served in this case, the parties may have a substantial volume of electronic documents, such as email, that could be relevant. As such, the parties may seek the entry of one or more protective orders directed to the search for and production of electronically stored information.

**D.    Trial**

Meirav and the Defendants have requested a jury trial. Meirav will require three trial days for its case-in-chief. Defendants will require three days to present its defenses

and counterclaims. The parties believe that the case will be ready for trial in October 2009.

**3.     CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE.**

The parties do not consent to proceed before a Magistrate Judge for trial.

**4.     STATUS OF SETTLEMENT DISCUSSIONS.**

Although the parties have not held formal settlement discussions, the Defendants have sought clarification from Meirav as to how the Defendants' systems can infringe the '369 patent, in light of the fact that they do not have an ability to "continuously" track cars and that the accused systems do not allow users to return cars to "any random parking place". To date, the Defendants are awaiting a response from Meirav.

Both parties are willing to pursue settlement in this matter and believe that the time do discuss settlement is now, before the parties have invested substantial resources on litigation.

SUBMITTED BY:

| | |
|---|---|
| _____/s/_____ <br> Paul K. Vickrey <br> Sally Wiggins <br> NIRO, SCAVONE, HALLER & NIRO <br> 181 West Madison Street, Suite 4600 <br> Chicago, Illinois  60602 <br> (312) 236-0733 <br> **Attorneys for Meirav Kesher Hadadi, Ltd.** | _____/s/_____ <br> Marshall Seeder <br> Jennifer Yule DePriest <br> REED SMITH LLP <br> 10 South Wacker Drive <br> Suite 4000 <br> Chicago, IL 60606 <br> (312) 207-1000 <br> **Attorneys for all Defendants** <br><br> Wayne L. Stoner (admitted *pro hac vice*) <br> Benjamin M. Stern (admitted *pro hac vice*) <br> WILMER CUTLER PICKERING <br> AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> (617) 526-6000 <br> **Attorneys for all Defendants** <br><br> Leif R. Sigmond, Jr. <br> Jennifer Kurcz <br> McDONNELL  BOEHNEN  HULBERT  & BERGHOFF LLP <br> 300 South Wacker Drive, 31st Floor <br> Chicago, IL 60606 <br> (312) 913-0001 <br> **Attorneys for I-GO** |

Dated:  March 19, 2008

US1DOCS 6591574v2

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2008, I filed the foregoing **JOINT INITIAL STATUS RULE 26(f) REPOR**T with the Clerk of Court using the ECF system which will send notification of such filing to the following:

>Marshall Seeder (Bar No. 03127674)
>Jennifer Yule DePriest (Bar No. 6272137)
>REED SMITH LLP
>10 South Wacker Drive
>Suite 4000
>Chicago, IL 60606
>(312) 207-1000
>(312) 207-6400 (fax)
>jdepriest@reedsmith.com
>
>Wayne L. Stoner
>Benjamin M. Stern
>WILMER CUTLER PICKERING HALE & DORR LLP
>60 State Street
>Boston, Massachusetts 02109
>(617) 526-6863
>
>ATTORNEY FOR DEFENDANT
>ZIPCAR INC., MOBILITY INC. D/B/A FLEXCAR AND I-GO
>
>Jennifer M. Kurcz
>Leif R. Sigmond, Jr.
>McDONNELL BOEHNEN HULBERT & BERGHOFF LLP
>300 S. Wacker Drive, Suite 3200
>Chicago, Illinois 60606
>(312) 913-0001
>kurcz@mbhb.com
>
>Attorneys for Zipcar Inc., Mobility Inc. d/b/a Flexcar and I-Go

     /sSally Wiggins               
Attorney for Plaintiff